IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ANTAL,

    Plaintiff,

v.                                        Civil Action No. 5:15CV36
                                                          (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND AND
REMANDING TO THE CIRCUIT COURT OF OHIO COUNTY**

I.  Procedural History

The plaintiff, John Antal, originally filed this civil action in the Circuit Court of Ohio County, West Virginia. The plaintiff was involved in an accident with a drunk driver and allegedly incurred permanent injuries. The plaintiff alleges in his complaint that the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), wrongfully denied available underinsured motorists bodily injury benefits. The plaintiff's first-party claim for underinsured motorists bodily injury benefits settled or resolved in October 2013. Prior to settling, the plaintiff alleges that he had informed State Farm that his claim was covered, that liability was reasonably clear, and that his damages exceed State Farm's offers of settlement. Based on these facts, the plaintiff makes the following claims: common law misconduct, violation of the West Virginia Unfair Trade Practices

Act, breach of the implied covenant of good faith and fair dealing, punitive damages, and substantial prevalence. The plaintiff seeks compensatory damages, punitive damages, attorney's fees and expenses, and pre-judgment and post-judgment interest.

The defendant subsequently removed this action to this Court. Thereafter, the plaintiff filed a motion to remand. That motion is now fully briefed and ripe for review.

## II. Facts

In its notice of removal, State Farm argues that the amount in controversy is satisfied given the range of damages and relief sought by the plaintiff. State Farm notes the standard announced in <u>Dart Cherokee Basin Operating Company, LLC, et al. v. Owens</u>, 135 S. Ct. 547 (2014).

In his motion to remand, the plaintiff argues that State Farm has failed to prove the amount in controversy is met. In his supporting memorandum, the plaintiff reviews several cases in which this Court granted a motion to remand based on the defendant's failure to prove the amount in controversy. The plaintiff contends that given the lack of proof offered by State Farm, it may only meet its burden by admitting that it owes the plaintiff a minimum of $75,000.00, exclusive of interest and costs. Otherwise, the plaintiff argues that the amount of damages at this point is speculative. Further, the plaintiff argues that many of the items of damage sought by the plaintiff are "unliquidated and

2

indeterminate in character" and thus cannot be reasonably calculated without a determination by a jury.

In response, State Farm first reviews Dart. First, State Farm argues that pursuant to Dart, because the plaintiff has argued entirely from the failure of the notice of removal, denial of the motion to remand is required. Next, State Farm reviews the claims for damages made in the plaintiff's complaint. State Farm contends that given a typical contingent fee arrangement, it may be assumed that the plaintiff claims at least $10,000.00-$12,000.00 in attorney's fees from the settlement. Then, State Farm asserts, that figure should be multiplied by four or five to determine what the punitive damages would be, as the plaintiff also seeks punitive damages. State Farm thus argues that given the possible attorney's fees and punitive damages, the amount in controversy threshold is surpassed. Finally, State Farm asserts that it is entitled, under the discretion given to this Court, to conduct jurisdictional discovery if this Court does not deny the motion to remand outright pursuant to Dart. State Farm avers that such discovery would be simple and direct.

In reply, the plaintiff argues that State Farm has misconstrued Dart. Additionally, the plaintiff asserts that State Farm has failed to meet its burden by simply re-listing the causes of actions from the complaint in its notice of removal and response to the motion to remand. Further, the plaintiff contends that the

figures provided by State Farm are speculative and have no evidentiary support. The plaintiff argues that the mere likelihood of punitive damages without more is not enough to give rise to federal jurisdiction and thus State Farm has failed to prove the amount in controversy has been met.

For the reasons that follow, this Court finds that the motion to remand is granted.

### III. Applicable Law

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

IV. Discussion

A. Application of *Dart* Generally

In Dart, the Supreme Court of the United States held that, pursuant to § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 555. That plausible allegation requirement, however, is made under the assumption that the plaintiff does not contest that the amount in controversy is satisfied. If the plaintiff does contest the defendant's plausible allegation, however, removal will be proper "by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional amount." Id. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B) (2011)). If a "defendant's assertion of the amount in controversy is challenged, . . . the court [then] decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

In this civil action, State Farm appears to assert that, under Dart, all that is necessary for removal is a "short and plain" statement. That assertion, however, misconstrues the holding of Dart. Dart primarily relates to the necessary pleading standards that a removing party must satisfy. State Farm, however, seems to argue that Dart articulates both a pleading and evidentiary standard. The only evidentiary standard discussed in Dart,

5

however, relates to the evidentiary burden that is applied when the plaintiff, or the court, contest the defendant's amount in controversy. Id. at 553. Here, the plaintiff contests the amount in controversy requirement, whether it is the motion to remand itself or the arguments set forth in the related filings. See, e.g., Leon v. Gordon Trucking, Inc., 2014 WL 7447701, at *10 n.40, -- F. Supp. 3d -- (C.D. Cal. Dec. 31, 2014). That means this Court must examine the evidence under a preponderance of the evidence standard.

The complaint does not contain an assertion as to the amount in controversy. In its notice of removal, State Farm reviews the allegations made in the complaint and the plaintiff's alleged injuries in that complaint. State Farm then goes on to direct this Court to simply apply Dart and find that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

This Court finds that such a broad assertion is not enough to support removal of this action. Although State Farm's assertion that this Court must apply Dart is true, this Court must also strictly construe the removal statute. In this case, there simply is not enough evidence to support a finding that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, without something more speculative than a re-listing of the plaintiff's alleged injuries in the complaint.

Additionally, State Farm's assertions regarding punitive damages in its response are too speculative for this Court to find that State Farm has met its burden. State Farm has only asserted that given the possible attorney's fees, $10,000.00-$12,000.00, a punitive damages amount of four to five times would meet the amount in controversy. However, the fact that punitive damages are a possibility without more is not enough for this Court to find that federal jurisdiction exists. Hochstrasser v. Broadspire Servs., Inc., No. 5:13CV53, 2013 WL 5536465, at *6 (N.D. W. Va. Oct. 8, 2013); Seifert v. Nationwide Mut. Ins. Co., No. 5:06CV152, 2007 WL 1381521 at *2 (N.D. W. Va. May 9, 2007); Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Given that State Farm has only offered its punitive damages calculation, this Court cannot find that the amount in controversy has been shown by the defendant by a preponderance of the evidence.

B.  Jurisdictional Discovery After *Dart*

Moreover, this Court finds that discovery is not required in this Court under Dart. This Court has previously found that the language contained in the removal statute is not ambiguous and thus, 28 U.S.C. § 1446(c)(3)(A) is related to discovery that is taken in the state court, not discovery that is taken in the federal court after removal. O'Brien v. Falcon Drilling Co., LLC, No. 5:15CV13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015). Further, this Court has found that even if the statutory language

7

was ambiguous, based on legislative history, a defendant is still not entitled to discovery in the federal court after a notice of removal has been filed and the amount in controversy has been contested. Id. at 7 (citing House Committee Report No. 112-10, at 16 (2011)). Rather, this Court found that the legislative history cited by the Supreme Court in Dart was referring to a situation where the amount in controversy is not immediately apparent but becomes apparent later, in the state court, through discovery, "other paper," or a motion by the plaintiff, and then triggers the 30-day removal period. Id. (citing 28 U.S.C. §§ 1446(c)(3)(A), 1446(b)(3) (2011)). Thus, this Court has found that discovery was not required in this Court simply because there had been a notice of removal and a subsequent motion to remand. Id.

This Court makes the same findings here. At this time, discovery is not required even in consideration of Dart. However, if further evidence is revealed through discovery in the state court, a filing by the plaintiff, or some "other paper," and the defendant thereafter timely remove this case, the above paragraph and its application through Dart, may apply if this Court finds that such discovery is needed. At this time, however, this Court will not order discovery on the jurisdictional issues in this case and remand is proper.

Moreover, this Court also finds as it did in O'Brien, in the alternative, that if its reading of the statute and the legislative

8

history is incorrect, that ordering discovery would not be mandatory. The House Report states that "[d]iscovery may be taken" which indicates that if such a direction is applicable to this Court, that it is discretionary. This Court has found that the proof provided by State Farm is speculative in nature and thus this Court would not have discretionarily granted discovery if such a direction was found to be applicable to this Court.

The motion to remand is therefore granted.[1]

## V. Conclusion

Based on the analysis above, this Court finds that the motion to remand is GRANTED. This matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[1]If the defendant uncovers evidence through the discovery process that brings to light new facts that justify removal under the amount in controversy theory, within a year of the filing of this lawsuit, the defendant may file a second notice of removal. 28 U.S.C. §§ 1446(b), 1446(c), 1447, 1447(c).

DATED:       May 20, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE